UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD WILLIAMS,

    Petitioner,                                Civil No. 2:08-CV-14744
                                                 HONORABLE GEORGE CARAM STEEH
v.                                            UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Reginald Williams, ("Petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for armed robbery, M.C.L.A. 750.529; carjacking, M.C.L.A. 750.529a; retaining a financial transaction device without consent, M.C.L.A. 750.157n(1); and being a third felony habitual offender, M.C.L.A. 769.11. Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise additional claims that are not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice.

1

The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Williams,* 275 Mich.App. 194, 737 N.W.2d 797 (2007)*; lv. den.* 480 Mich. 920, 740 N.W.2d 254 (2007).

On November 10, 2008, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the two grounds that he raised in the Michigan courts on his direct appeal.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the Wayne County Circuit Court to present new claims in a post-conviction motion for relief from judgment.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims.

*Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1813-14 (2005)(citing *Rhines v. Weber,* 125 S. Ct. 1528, 1531 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 125 S. Ct. at 1535. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow petitioner to initiate post-conviction proceedings in the state courts, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Id.; Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument,

4

and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claims. The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court

5

to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

Dated: December 16, 2008

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 16, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---